# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41403
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 15, 2015

Lyle W. Cayce
Clerk

ERIC D. MCCORVEY,

Plaintiff-Appellee

v.

LVN ERNEST STYLES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:12-CV-271

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Defendant-Appellant, Ernest Styles, a Licensed Vocational Nurse at a Texas Department of Criminal Justice ("TDCJ") prison, filed this interlocutory appeal of the district court's denial of his motion for summary judgment grounded in qualified immunity after Plaintiff-Appellee Eric McCorvey filed the instant Eighth Amendment action. McCorvey alleged that Styles was deliberately indifferent to his (McCorvey's) serious medical needs which

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41403

resulted from a sexual assault by a prison guard who was eventually convicted of improper sexual activity with McCorvey as a person in custody.  We affirm.

McCorvey was harassed, threatened, and eventually sexually assaulted by a prison guard while an inmate in a TDJC prison.  After McCorvey reported the incident, an officer from the Office of Inspector General took McCorvey to the prison's medical unit, identified him as the victim of a sexual assault, and expressly requested of Styles that McCorvey be examined, including application of an oral swab and a rape kit.  Styles refused that request, making such excuses as (1) he did not know which provider was on call, (2) he did not know where the kits were located, and (3) he was not permitted to break the seal on a kit.  None contests that Styles failed to contact a physician or other practitioner; refused to examine or evaluate McCorvey; did not obtain a history; and did not refer McCorvey to a mental health professional.  Neither is it contested that Styles did not make a record of McCorvey's visit until four days later.  Despite McCorvey's request for psychological treatment, Styles failed to respond, claiming there was nothing he could do.  In sum, Styles refused to take any action whatsoever.  As a result, McCorvey received neither a medical exam nor mental health treatment until he again requested assistance, this time from a different nurse who treated him and referred him to a mental health professional.  In his §1983 complaint, McCorvey lodged an Eighth Amendment cruel and unusual punishment claim against Styles for affirmatively denying care and treatment, thus exhibiting deliberate indifference to McCorvey's serious medical needs.

Styles filed his motion seeking summary judgment dismissal on the basis of qualified immunity, which the district court eventually denied.  It ruled that the summary judgment evidence supports the conclusions that Styles was told by an appropriate officer that McCorvey had been sexually assaulted; that

No. 14-41403

Styles nevertheless failed to follow TDCJ protocol for reported sexual assaults; that he did not administer the required procedures regarding sexual assault kits; and that – given McCorvey's establishment of a violation of his clearly established Eighth Amendment right to be free from cruel and unusual punishment, *viz*, deliberate indifference to serious medical needs – Styles's behavior was objectively unreasonable under clearly established law as well as under TDCJ policy. The district court denied Styles's summary judgment motion, concluding that he had refused to treat McCorvey's serious medical needs despite being aware of those needs.

In our *de novo* review, we may affirm the grant or denial of summary judgment on any basis supported by the record. Even though, on appeal, Styles advances a litany of complaints of things that were not done and actions that were not taken, and even though Styles also claims that the district court erred in relying on contested facts, we are satisfied that – given the current stage of these proceedings and the status of the evidentiary record – the district court did not commit reversible error in refusing to dismiss the instant action on grounds of Styles's qualified immunity, regardless of the court's gratuitous reference to both disputed and undisputed facts. Accordingly, the district court's order of November 20, 2014, denying summary judgment based on qualified immunity is

AFFIRMED.